N. J. PHILLIPS, Appellant, *vs.* ABRAHAM ROBBINS, *et al.*, Respondents.

1. *County Collector—Distress warrant by State Auditor against—Copy of bond—Collector's settlement—Levy on sureties, etc.*—In distress warrant by the State auditor against a county collector; *Held*,

1st. A copy of defendant's bond certified by the auditor, is proper evidence. (R. C. 1855, ch. 62, §§ 23, 34, p. 1339, § 5.)

2d. A copy of his settlement taken from the collector's settlement book, certified by the auditor, is competent to prove the settlement.

3d. Where defendant is both collector and sheriff, the writ may, under the statute (R. C. 1855, p. 1542, § 3; Wagn. Stat., 1335, § 18) issue, to the sheriff of a county adjoining, without further proof that the sheriff of the proper county is "disqualified."

4th. The sheriff's return, that the proceeds of the sale of the collector's property are not enough to satisfy the debt, sufficiently shows an exhaustion of his estate to authorize levy on that of his sureties.

*J. C. Cravens*, for Appellant.

*C. W. Thrasher*, for Respondents.

NAPTON, Judge, delivered the opinion of the court.

This is an action of ejectment for the recovery of certain lots in the town of Neosho, in Newton county, in which the title of the plaintiff to the lots is conceded, anterior to a sale of the lots under a distress warrant issued by the Auditor of Public Accounts, and the only question in the case is as to the validity of the proceedings under this Auditor's warrant, and the title acquired by the purchaser.

The defendants claimed under a deed made by the sheriff, in alleged pursuance of this Auditor's warrant.

The objections to the title of defendants were numerous: In the first place, the plaintiff objected to the copy of the bond certified by the Auditor, as a copy of the collector's bond. But the law of 1855, under which this distress warrant was issued seems to be conclusive on this point. The 23d section of this law provides that "copies of all papers on file in the office of Secretary of State, Treasurer, Auditor of Public Accounts and Register of lands, or of any matter recorded in

either of said offices, certified under the seal of the respective officers, shall be evidence in all Courts of this State." Section 34 provides that "copies of all bonds required by law to be given by sheriffs, collectors, county treasurers, collectors of the revenue, clerk of the Supreme, Circuit and County Courts, recorders and all other officers of or under the State, who are required by law to give bond, for the faithful performance of their duties, duly certified by the seal of office of the officer in whose custody such bond is required by law to be kept, may be sued upon and shall be received in evidence, to all intents and purposes as the originals themselves."

The 5th section of the revenue law of 1855, (R. C. p. 1339) provides, "that the bond of the collector shall be executed in duplicate, one part thereof shall be deposited and recorded in the office of the clerk of the County Court, and the other part shall be transmitted by the clerk to the Auditor of Public Accounts." So that it is clear, that the bond was properly filed in the office of the Auditor of Public Accounts, and a copy from that office is declared evidence.

The defendants then offered in evidence a certified copy from the Auditor's office, of the settlement of Johnson the collector or Sheriff of Newton county for the year 1860, and this was objected to. The certificate of the Auditor was made in 1872, and stated that the settlement was a true copy taken from the settlement book for 1860.

The objections to this certificate, were, that it did not appear that the copy is a true copy of the settlement made with Johnson, collector, and because it was not the best evidence of the facts therein contained, and because it was not evidence in any event. These objections need no particular notice. The criticism seems to be a mere verbal one, that the Auditor certified a copy from the settlement book, instead of a settlement.

The defendants then offered in evidence a distress warrant from the Auditor of Public Accounts to the sheriff of Lawrence county, and this was objected to, because there was no

evidence to show that on the 15th of December, 1863, when the warrant bore date, there was no sheriff of Newton county to whom it might have been addressed. The defendants then proved that after Johnson left Newton county in the early part of 1862, there was no sheriff until 1863; that one Boyd was temporarily appointed by the judge, that in fact there was no sheriff of Newton county until March, 1864. This was also shown by the records of the Circuit Court, and by other testimony. Johnson left in the spring of 1862. The objections of plaintiff were overruled, and the warrant was read in evidence.

The warrant was in the form directed by law. It recited that the sheriff and collector of Newton county for the year 1860, had failed to pay the amount he stood charged with in the Auditor's office, and which ought to have been paid before the first Monday in October, 1863, and that the Auditor had ascertained the balance due the State by Johnson to be $2,383.58 and that the Auditor had according to law, charged the said Johnson with the further sum of 2 1-2 per cent. a month on said balance from October 5th, 1863 until collected.

The sheriff of Lawrence was therefore directed to levy and collect this sum of the goods and chattels and real estate of said Johnson, and for want of sufficient goods and chattels and real estate to satisfy this sum, to levy on the goods and chattels and real estate of the sureties, naming them. He was also directed to pay the money collected into the State Treasury.

This warrant was issued on the 15th December, 1863, and was acknowledged as received January 1, 1864, by the sheriff. The main objection to this distress warrant is, that it was issued to the sheriff of Lawrence county and that it did not appear previous to its introduction as evidence, that the sheriff of Newton county was disqualified. The 3rd section of the law requires the Auditor, after a delinquency, to issue a warrant of distress against such delinquent, directed to the sheriff of the proper county, or if he shall be disqualified to act then to the sheriff of some adjoining county who is au-

thorized and required to execute the same. As this warrant was to collect money from the sheriff of Newton county it is obvious that the party delinquent could not have been the proper sheriff to direct the writ to, but in point of fact the proof on the trial showed that there was no sheriff of Newton county in 1863, Johnson having left the county, and the writ was therefore properly directed to the sheriff of Lawrence, an adjoining county.

The return of the sheriff on this distress warrant was then offered in evidence and the principal and indeed only important question in this case arises on the sufficiency of this return. This return shows, without going into detail, that a considerable portion of real estate of Johnson was sold under it. Various parcels of lands and lots are enumerated. A levy, advertisement and sale is recited. There is also recited a levy, advertisement and sale of the lots and lands of the sureties, the sum collected from the principal debtor not being sufficient.

The return shows that the levy and sale of the property of the principal did not realize enough to satisfy the debt due the State. The return shows that afterwards, a levy was made on the property of the sureties, and plaintiff was one of them.

The objection to this return is, that it does not recite that the property of Johnson, the principal, was exhausted before levy on the sureties and sale under such levy. There were other objections, but they are not relied on, and need not be noticed.

The return of the sheriff does not expressly state that the property of Johnson sold was all the property of his that could be found, but does state that as the proceeds of the sale of this property were insufficient to satisfy the distress warrant, he proceeded to sell the property of the sureties.

He had no authority to do this, unless the previous sale of all Johnson's property that could be found, did not produce the amount due the State.

He does not, in his return, recite in so many words, that he had exhausted the property of Johnson, the delinquent, but it is a fair implication from his statement, that he had.

This case is not at all like the case of Cook vs. Hacklemann, 45 Mo., 317. In that case the plaintiff relied solely on a sheriff's deed, and on the recitals of that deed, to establish a defalcation of the collector and the extent of that defalcation and the settlement of the Auditor of Public Accounts and the issue of a distress warrant and the return thereon.

In the present case, all these facts are established by the best evidence that could be produced, and although the sheriff's deed was also in evidence, every material fact in the chain of title was established *aliunde*.

Judgment affirmed. The other judges concur except Judge Vories, who is absent.